IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MANETIRONY CLERVRAIN, et al, )<br>)<br>      Plaintiff(s), )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, et al, )<br>)<br>      Defendant(s). ) | Case No. CV-24-00377-RAW |

## ORDER

Plaintiff Manetirony Clervrain ("Plaintiff") filed a *pro se* pleading with the court on October 4, 2024, which the court construed as a complaint. [Doc. 1]. Essentially the same *pro se* pleading (but with an unrelated case number "21-CV-00367" typed within the style) was also filed on the same day, which the court construed as an amended complaint.[1] [Doc. 5]. Attached to the amended complaint is the Civil Litigation Management Manual, Third Edition, prepared by the Judicial Conference of the United States Committee on Court Administration and Case Management.

Plaintiff's amended complaint, best described as gibberish, totals 834 pages. Plaintiff has also filed 13 motions since October 4, 2024. [Docs. 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18]. The motions, like his amended complaint, are unintelligible and very lengthy, totaling 2,546 pages.

The undersigned has dismissed many cases filed by Plaintiff.[2] And the numerous cases filed by Plaintiff in other courts throughout the country are regularly dismissed. *See, e.g., Clervrain v. Biden*, No. 22-1086-EFM, 2024 WL 3066171, at *3 (D. Kan. June 20, 2024) ("The

---

[1]     Plaintiff lists his name followed by the words "et al" in the style of the amended complaint. Plaintiff also names the United States of America as a defendant, again followed by "et al." He does not, however, provide any additional information to assist in interpreting to whom "et al" refers. *See* Federal Rule of Civil Procedure 10(a) ("The title of the complaint must name all the parties.").
[2]     *See* OKED case numbers CV-20-111-RAW, CV-20-122-RAW, CV-20-132-RAW, CV-20-398-RAW, CV-20-433-RAW, CV-20-459-RAW, CV-20-473-RAW, CV-20-477-RAW, CV-21-326-RAW, and CV-21-365-RAW.

Court previously addressed Clervrain's vexatious litigation but will address it here again due to Clervrain's recent influx of filings. Clervrain has filed six cases in this District, and all were dismissed. In addition, he has filed Complaints in at least 34 other federal district courts. Each case was dismissed. As previously noted, the hundreds of cases that Clervrain has filed, filled with incomprehensible argument and reference to non-existent statutes, pose an unnecessary burden on the courts."); *Clervrain v. Kemp*, No. 5:22-CV-145 (MTT), 2022 WL 1320711, at *2 (M.D. Ga. May 3, 2022) ("The plaintiff has been repeatedly identified as a litigant who abuses the judicial process."); *Clervrain v. John Bel Edwards, et al.*, No. CV 21-345, 2022 WL 636048, at *1 (M.D. La. Feb. 11, 2022), *report and recommendation adopted sub nom. Clervrain v. Edwards*, No. CV 21-345, 2022 WL 628537 (M.D. La. Mar. 3, 2022) ("This case is just another stop in Plaintiff Manetirony Clervrain's four-year tour of this nation's district and appellate courts. As other courts have noted, Plaintiff has filed over 216 actions in federal district courts in 39 states, spanning from Alaska to Florida and Hawaii to Maine. Plaintiff's tour has taken him to every federal circuit court, the United States Judicial Panel on Multidistrict Litigation, and even the Supreme Court of the United States.").

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint "must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ." Fed. R. Civ. P. 8(a). Rule 8(a)(2) "requires only a short and plain statement of the claim showing that the pleader is entitled to relief. Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (internal quotations and citations omitted). Although *pro se* pleadings are held to a less stringent standard than ones drafted by lawyers, a *pro se* litigant must "'follow the same rules of procedure that govern other litigants.'" *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)).

Plaintiff's amended complaint fails to satisfy the pleading requirements set forth in Rule 8 of the Federal Rules of Civil Procedure. Plaintiff's amended complaint, again, is best described as gibberish. No actual facts are alleged in Plaintiff's amended complaint, and there are no apparent references to the named defendant within the body of the amended complaint.

A minute order was entered by the Court Clerk on October 4, 2024, directing Plaintiff to pay the filing fee of $405.00 within 7 days or file a motion for leave to proceed *in forma pauperis*. [Doc. 2]. Plaintiff was advised that his "failure to comply with the directive will subject this action to immediate dismissal by the Court without prejudice to refiling." *Id*. Plaintiff has not paid the filing fee or filed a motion for leave to proceed *in forma pauperis*.

In the past, this court has applied 28 U.S.C. § 1915(e)(2) when reviewing similar complaints. 28 U.S.C. § 1915(e)(2) states, in pertinent part, that when a plaintiff files *in forma pauperis,* that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court *shall dismiss the case at any time* if the court determines that . . . the action or appeal . . . is frivolous or malicious" or "fails to state a claim on which relief may be granted . . . ." 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) (emphasis added). Still, Defendant did not file a motion for leave to proceed *in forma pauperis* with the court, and it is not clear if 28 U.S.C. § 1915 applies to the case at hand.[3]

The court, however, may *sua sponte* dismiss a complaint "when it is patently obvious that the plaintiff could not prevail on the facts alleged and allowing [him] an opportunity to amend [his] complaint would be futile." *Knight v. Mooring Capital Fund, LLC*, 749 F.3d 1180, 1190 (10th Cir. 2014); *see also Phillips v. Pub. Serv. Co. of N. M.*, 58 Fed.Appx. 407, 409 (10th Cir. 2003) ("Dismissals under Rule 12(b)(6) typically follow a motion to dismiss, which gives the plaintiff notice and an opportunity to amend his complaint. Nevertheless, in this circuit, *sua sponte* dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts.").

The court finds that the allegations listed in the amended complaint [Doc. 5] do not create a claim upon which this lawsuit can proceed. It is patently obvious that the Plaintiff could not prevail on the facts alleged and allowing an opportunity to amend the complaint would be futile. This matter should be dismissed without prejudice. Plaintiff's motions [Docs. 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18] should be denied as moot.

---

[3]   At least one out-of-circuit district court referred to 28 U.S.C. § 1915(e)(2)(B) even when a *pro se* plaintiff was not proceeding *in forma pauperis*. *See McCreary v. Heath*, 2005 WL 975736, at *2 (D.D.C. Apr. 22, 2005).

## **PROPOSED FILING RESTRICTIONS**

The court proposes to impose the following filing restrictions on Plaintiff.

Plaintiff will be enjoined from making further filings in this case except objections to this order, a notice of appeal and a motion for leave to proceed on appeal *in forma pauperis*; and the Court Clerk will be directed to not file any additional submissions by Plaintiff in this case other than objections to this order, a notice of appeal, or a motion for leave to proceed on appeal *in forma pauperis,* unless a licensed attorney who is admitted to practice before this court and has appeared in this action signs the proposed filing.

Plaintiff also will be enjoined from initiating further litigation in this court regarding this subject matter, and the Court Clerk will be directed to not file any initial pleading that Plaintiff submits, unless a licensed attorney who is admitted to practice before this court signs the pleading.

Plaintiff also will be enjoined from initiating future litigation in this court regarding other subject matter, and the Court Clerk will be directed to not file any initial pleading that Plaintiff submits, unless either a licensed attorney who is admitted to practice before this court signs the pleading or Plaintiff first obtains permission to proceed *pro se. See DePineda v. Hemphill*, 34 F.3d 946, 948-49 (10th Cir. 1994)*.* To obtain permission to proceed *pro se* in this court, Plaintiff must take the following steps:

1. File with the Court Clerk a petition requesting leave to file a *pro se* initial pleading, a notarized affidavit, the proposed initial pleading, and a copy of these filing restrictions;

2. Include in the petition the following information:

    A. A list of all lawsuits currently pending or filed previously with this court, including the name and number of each case, and the current status or disposition of the lawsuit; and;

    B. A list apprising this court of all outstanding restrictions or orders limiting Plaintiff's access to federal court, including restrictions or orders requiring Plaintiff to seek leave to file matters *pro se* or requiring Plaintiff to be represented by an attorney, including the name and case number of all such matters; and

3. The notarized affidavit shall be in proper legal form and recite the claims that Plaintiff seeks to present, including a short discussion of the legal bases for the claims, and the basis of the court's jurisdiction of the subject matter and parties. The affidavit must certify that, to the best of Plaintiff's knowledge, his claims are not frivolous or made in bad faith; that they are warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; that the new suit is not initiated for any improper purpose such as delay or needless increase in the cost of litigation; and that Plaintiff will comply with all Federal Rules of Civil Procedure and the Local Rules of the Eastern District of Oklahoma. If Plaintiff's claims have previously been raised or Plaintiff has previously sued the defendants, the affidavit must certify that the proposed new suit does not present the same claims that this or any other court has decided and explain why the new suit would not be an abuse of the system;

4. These documents shall be submitted to the Court Clerk who will then refer to a Magistrate Judge for review to determine whether the complaint is lacking merit, duplicative or frivolous. The Magistrate Judge will then forward the complaint along with his or her opinion to the Chief Judge who will make the final determination whether to dismiss the complaint or enter an order allowing the complaint to proceed in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of Oklahoma.

## **OPPORTUNITY TO BE HEARD**

The court grants Plaintiff an opportunity to show cause why the court should not enter the proposed filing restrictions.

## **CONCLUSION**

The court finds that the allegations listed in the amended complaint [Doc. 5] do not create a claim upon which this lawsuit can proceed. It is patently obvious that the Plaintiff could not prevail on the facts alleged and allowing an opportunity to amend the complaint would be futile. This matter is DISMISSED without prejudice. Plaintiff's motions [Docs. 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18] are DENIED as moot.

Within twenty-one (21) days from entry of this Order, Plaintiff shall show cause why this court should not enter the proposed filing restrictions described above. Plaintiff's written

objections to the proposed filing restrictions shall be limited to 10 pages.  If Plaintiff does not timely file objections, the proposed filing restrictions shall take effect twenty-one (21) days from the date of this Order and will apply to any matter filed after that time.  If Plaintiff timely files objections, restrictions will take effect only upon entry of a subsequent order.

It is so ordered this 28th day of October, 2024.

_____
THE HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA